IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>CANDELARIO ALBERTO GARCIA,<br><br>Defendant/Movant. | Cause No. CR 14-51-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Candelario Alberto Garcia's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Garcia is a federal prisoner proceeding pro se. In addition to his motion and brief, he submitted a notice of supplemental authority on April 19, 2019.

Garcia pled guilty to one count of possessing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 1). He was sentenced to serve 180 months in prison, to be followed by a five-year term of supervised release. *See* Judgment (Doc. 43) at 1–3; Statement of Reasons (Doc. 44) at 1 § I(A), 4 § VIII.

Garcia contends that his sentence is illegal, and counsel was ineffective, because his sentence was based on part on a California felony offense involving marijuana. Garcia says the California legislature has downgraded his offense to a

1

misdemeanor. *See* Mot. § 2255 (Doc. 52) at 4; Presentence Report ¶ 35.

The Court will assume Garcia could prove that his California marijuana conviction is, to all intents and purposes, a misdemeanor. The Court will also assume, for the sake of argument, that counsel unreasonably failed to correct the record at the time of sentencing or within the time for appeal.

Even so, Garcia cannot benefit. Including the California marijuana offense, he had 17 criminal history points. Presentence Report ¶ 43. Assuming the California conviction can no longer count against him, he has 14 criminal history points. But 14 criminal history points still places him in criminal history category VI. *See* U.S.S.G. ch. 5 Part A (Sentencing Table).

In addition, Garcia was found to be a career offender. *See* Presentence Report ¶¶ 24, 44. He qualified as a career offender if he had at least two prior convictions for controlled substance offenses. Again assuming the California conviction can no longer count against him, he still has three prior convictions for controlled substance offenses, all involving methamphetamine. *See id.* ¶ 25, 37–39. So even if Garcia's criminal history category turned out to be less than a VI under the guidelines point system, it would still be VI under the career offender guideline, U.S.S.G. § 4B1.1(b).

Assuming all potential factual and legal questions fall in Garcia's favor, he would not be entitled to resentencing. His California marijuana conviction had no

2

effect on his conviction, the advisory guideline calculation, the Court's balancing of the factors in 18 U.S.C. § 3553, or the ultimate sentence imposed. *See* Statement of Reasons (Doc. 44) at 4 § VIII. His § 2255 motion must be denied.

Garcia has not made a showing of any substance that he was denied a constitutional right. Reasonable jurists would find no basis to disagree and no open question worth pursuing. A certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, __ U.S. __, 137 S. Ct. 759, 773–74 (2017).

Accordingly, IT IS ORDERED:

1. Garcia's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 52, 53, 55) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Garcia files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-175-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Garcia.

DATED this 1st day of July, 2019.

Susan P. Watters
United States District Court