IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14–51–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| CANDELARIO ALBERTO GARCIA, | |
| Defendant. | |

On February 16, 2024, Defendant Candelario Alberto Garcia filed a motion under 18 U.S.C. § 3582(c)(1)(A) to reduce his 180-month federal drug sentence. (Doc. 66; *see* Doc. 43 (Judg.).) His projected release date is November 23, 2027. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 14, 2024). On February 27, 2024, counsel was appointed to represent the defendant. (Docs. 67, 68.) Appointed counsel filed an amended motion on September 9, 2024. (Doc. 76.) The government opposes. (Doc. 80.) For the reasons stated below, Garcia's motion is denied.

## ANALYSIS

The First Step Act of 2018 gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable

1

policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Here, Garcia argues that early release is warranted because he received an "unusually long sentence," *see* USSG §1B1.13(b)(6), since today he would not be designated a career offender, which would result in a lesser guideline sentence than he received. Because Garcia is mistaken, he has not demonstrated an extraordinary and compelling reason for early release. Additionally, the § 3553(a) factors do not support his early release. His motion for compassionate release is therefore denied.

I.     **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Garcia filed a request for relief with the warden at his facility on December 10, 2023, and a response is not reflected in the record. (*See* Doc. 66-1 at 2–6; Doc. 77 at 11.) Garcia has therefore exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

The Sentencing Guidelines provide explicit examples of what constitutes an "extraordinary and compelling reason," including that the defendant received an unusually long sentence. USSG §1B1.13(b)(6). The relevant provision states:

> **Unusually Long Sentence.** – If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG §1B1.13(b)(6). Here, Garcia received a 180-month sentence, (Doc. 43 at 2), which was eight months less than the lower end of the advisory guideline range, (Doc. 44 at 1) ("Imprisonment Range: 188–235 months"). Garcia was designated a career offender, (PSR ¶ 44), and the mandatory minimum sentence was five years, (*id.* ¶ 72). Garcia argues that if sentenced today, he would not have received the career offender enhancement because two of his prior felonies have been redesignated as misdemeanors and the recommended sentencing range would be 92–115 months. (Doc. 77 at 13–15.) Thus, Garcia asserts a sentence reduction is warranted by the disparity between the sentence he claims he would receive today, without the career offender enhancement, and the sentence imposed in 2015. (*Id.* at 15.)

3

However, as the government correctly argues, Garcia would still be designated as a career offender under the Guidelines today. The Guidelines state that a defendant is a career offender if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). When Garcia was sentenced, he had multiple relevant felony convictions, only two of which have now been redesignated as misdemeanors. (Doc. 77 at 13–14, *see* Doc. 66-1 at 19, 21.) Today, Garcia would still be designated as a career offender because, (1) he committed the instant offense when he was at least eighteen, (*see* PSR ¶ 49), (2) the instance offense was a felony for a controlled substance offense, (Doc. 43 at 1), and (3) he still has two prior felony convictions for controlled substance offenses, (PSR ¶¶ 37, 39), even excluding the felony convictions that are now designated as misdemeanors, (PSR ¶¶ 35, 38). Further, as argued by the government, Garcia has 17 criminal history points, which results in a criminal history category of VI, even without the career offender designation. (*See* PSR ¶¶ 43–44.) Because Garcia would be subject to the same sentence if sentenced today, he fails to make the requisite showing of "extraordinary and compelling" circumstances to warrant a sentence reduction.

4

## III. Section 3553(a) Factors

Even if an extraordinary and compelling reason did exist to reduce Garcia's sentence, demonstrating such a reason meets only one element of § 3582(c)(1)(A). Any relief granted must be consistent with the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Here, Garcia argues that the § 3553(a) factors justify early release because while the crime was serious, the recovered amount of methamphetamine was minimal and there was no evidence he intended to distribute it. And despite having a lengthy criminal history, much of it stems from his struggle with drug addiction, only one of his juvenile convictions is a violent offense, he has used his time in prison to "improve himself" by engaging in educational programs and counselling, and while he has received write-ups in custody, none "involve serious conduct."

5

(Doc. 77 at 19–22.) However, Garcia's recitation of the facts does not reflect the full record of the case.

First, the seriousness of the offense is understated by Garcia. He has a history of distributing of controlled substances, (PSR ¶¶ 35, 37–39), and officers recovered 9.6 grams of actual methamphetamine of 98.4-percent purity, (PSR ¶ 11). Garcia pled to possession with the intent to distribute methamphetamine, (PSR ¶ 4), which triggered a mandatory 5-year sentence, (PSR ¶ 72). Additionally, officers recovered a firearm at his residence, which resulted in a two-level enhancement. (PSR ¶ 19).

Second, Garcia's criminal history is extensive. His juvenile history includes assault with a deadly weapon, (PSR ¶ 30), and four non-violent misdemeanors, (PSR ¶¶ 31–32). Garcia was also convicted of two additional misdemeanors: possession of less than one ounce of marijuana, (PSR ¶ 33), and false information to an officer, (PSR ¶ 34). Further, Garcia had two felony convictions for possession for sale of a controlled substance, (PSR ¶¶ 35, 38), now reduced to misdemeanors, (*see* Doc. 66-1 at 19, 21). Finally, Garcia was convicted of the following felonies: DUI with injury, (PSR ¶ 36), possession for sale of methamphetamine, (PSR ¶ 37), and possession of methamphetamine, (PSR ¶ 39). While Garcia asserts his criminal history is largely nonviolent, he was convicted of both assault with a deadly weapon, (PSR ¶ 30), and misdemeanor battery as a

6

juvenile, (PSR ¶ 31). In 2018, while serving this sentence, Garcia was also disciplined for assaulting another inmate without serious injury. (Doc. 80-2 at 4).

Third, Garcia argues that his time served is "sufficient to reflect its seriousness, promote respect to for the law and provide a just punishment . . . [and that] [t]here is no reason to believe that additional incarceration is needed to deter Garcia from committing additional crimes." (Doc. 77 at 24.) However, as the government notes, since Garcia filed his first unsuccessful motion for compassionate release in July 2020, (Doc. 77 at 4),[1] he has received disciplinary action for possession of drugs/alcohol in September 2021 and again in January 2023, (Doc. 80-2 at 1). Further, Garcia has previously been arrested six times while on parole, indicating poor performance while on supervision. (PSR ¶ 40). Garcia's criminal history is extensive, illustrates some predisposition to violence, and does not indicate a pattern of compliance with the law post-release, which together raise concerns about Garcia's risk to the community. *See* 18 U.S.C. § 3142(g).

---

[1] On July 24, 2020, Garcia, proceeding pro se, filed a motion under 18 U.S.C. § 3582(c)(2) arguing "compassionate release in light of the COVID-19 effect on the Bureau of Prisons and requested reduction of sentence due to sentence disparity." (Doc. 61 at 7.) The Court denied the motion on September 4, 2020, because "reducing his sentence by seven years would impugn the objectives of federal sentencing and pose a danger to the public." (Doc. 64.)

Ultimately, Garcia received a more lenient sentence in this case than the recommended guideline range of 188–235 months. (*See* Doc. 44 at 2.) Garcia was sentenced to 180 months in custody followed by 5 years of supervised release. (*Id.* at 1; Doc. 43 at 2–3.) At this point, Garcia has served about seventy percent of his sentence. (Doc. 77 at 23.) While Garcia has engaged in self-betterment by taking classes and attending drug counselling, (*id.* at 22), he has also repeatedly been written-up for various incidences as discussed above, (*see* Doc. 80-2). Reducing Garcia's sentence to the partial sentence he has served to date would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). Thus, the 18 U.S.C. § 3553(a) sentencing factors weigh against early release.

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), (Docs. 66, 76), is denied.

DATED this 15th day of November, 2024.

Susan P. Watters, District Judge
United States District Court